# CRIMINAL DOCKET - U.S. District Court

**U.S. vs. BROWN, THOMAS, Jr.**

- PO: ☐ 0419 1 Assigned 1909
- Misd.: ☐ 0419 1 Disp./Sentence 1909
- Felony: ☒ District

Case Filed: 11/09/89
Docket No: 00147
Def: 1
No. of Def's: 1

Offense on Index Card: **Sexual assault**

## I. CHARGES

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | | DISM. NG |
|---|---|---|---|---|
| 18:1201(a)(1) | Kidnap for purpose of sexually assaulting. Ct. 1 | 7601 | 1 | |
| 18:2421 | Transport a person in interstate commerce for sexual activity. Ct. 2 | 6200 | 1 | 1 |
| 18:2312 | Transport in interstate commerce stolen vehicle. Ct. 3 | 5100 | 1 | 1 |
| 18:1343 | Wire fraud. Ct. 4 | 4700 | 1 | 1 |
| 18:1344 | Bank fraud. Ct. 5 | 4601 | 1 | 1 |

## II. KEY DATE

- INTERVAL ONE — KEY DATE (EARLIEST OF): [blank]
- END ONE / BEGIN TWO — KEY DATE (APPLICABLE): 11-5-91; ☒ Indictment filed/unsealed
- KEY DATE: 12-9-91; ☒ a) 1st appears on pending charge /R40
- END INTERVAL TWO — KEY DATE (APPLICABLE): 9-8-92; ☒ Pled guilty; ☒ After N.G.

- 1st appears with or waives counsel: [blank]
- ARRAIGNMENT: 12-16-91
- DISPOSITION DATE: 9-8-92
- SENTENCE DATE: 2-3-93

## III. MAGISTRATE
[blank]

## ATTORNEYS

**U.S. Attorney or Asst.:** Thomas J. Ashcraft

Defense: 1 ☒ CJA

Donald N. Patten, Atty.
Suite 4, 115 N. Haywood St.
Waynesville, N. C. 28786
456-5381

Buncombe Co. Jail
Asheville, N. C.

*Mecklenburg Co. Jail
Charlotte, N. C.

| DATE DOCUMENT NO. | Yr. | Docket No. | Def. | MASTER DOCKET - MULTIPLE DEFENDANT CASE / PROCEEDINGS DOCKET FOR SINGLE DEFENDANT   PAGE __ OF __ | VI EXCLUDABLE DELAY Start Date/End Date | Ltr. Code | Total Days |
|---|---|---|---|---|---|---|---|
| | 89 | 00147 | 1 | | | | |

V. PROCEEDINGS

| DATE | DOC NO. | PROCEEDINGS | | | |
|---|---|---|---|---|---|
| 10-13-89 | 1 | U. S. Atty.'s MOTION To Seal. | | | sp |
| 10-13-89 | 2 | ORDER to Seal by J. Toliver Davis, U. S. Mag. | | | sp |
| 10-13-89 | | WARRANT For Arrest issued and del'd. USM. | | | sp |
| 11-9-89 | 3 | U. S. Atty.'s MOTION Seal Indictment. | | | sp |
| 11-9-89 | 4 | ORDER Sealing Indictment by J. Toliver Davis, U. S. Mag. | | | sp |
| 2-20-91 | 5 | U. S. Atty.'s APPLICATION For Production of Telephone Toll Records. | | | sp |
| 2-21-91 | 6 | ORDER For the Production of Telephone Toll Records by Judge Richard L. Voorhees. | | | sp |
| 4-9-91 | 7 | U. S. Atty.'s APPLICATION For Production of Telephone Toll Records. | | | sp |
| 4-9-91 | 8 | ORDER For The Production of Telephone Toll Records by Judge Richard L. Voorhees. | | | sp |
| 11-5-91 | 9 | U. S. Atty.'s MOTION To Unseal. | | | sp |
| 11-5-91 | 10 | ORDER To Unseal by J. Toliver Davis, U. S. Mag. | | | sp |
| 11-5-91 | 11 | BILL of Information. | | | sp |
| 11-5-91 | 12 | BILL of Indictment. | | | sp |
| 12-2-91 | | DOCUMENTS received from U.S. District Court, Chicago, Illinois: | | | |
| | 13 | Letter | | | |
| | 14 | Criminal Docket | | | |
| | 15 | Affidavit of Complaint | | | |
| | 16 | Minute form | | | |
| | 17 | Financial Affidavit | | | |
| | 18 | Worksheet | | | |
| | 19 | Minute form | | | |
| | 20 | Minute form | | | |
| | 21 | Appt. of Court Apptd. Counsel | | | |
| | 22 | Minute form | | | |
| | 23 | Removal and Detention Order | | | sp |
| 12-9-91 | | Deft. appeared w/o counsel and in custody of USM before J. Toliver Davis, U.S. Mag., for initial appearance. Deft. advised of charges and penalties. Deft. advises of counsel and requested court-apptd. found eligible. Deft. detained. | | | sp |
| 12-10-91 | | MAGISTRATE papers: | | | |
| | 24 | Election/Waiver of Counsel | | | |
| | 25 | Financial Affidavit | | | |
| | 26 | Financial Affidavit | | | |
| | 27 | Appt. of Court Apptd. Counsel | | | sp |
| 12-16-91 | 27a | Deft.'s MOTION/ORDER waiving speedy trial. | | | sp |
| 12-16-91 | | Deft. appeared w/counsel and in custody of USM before J. Toliver Davis, U. S. Mag., for arraignment. Deft. had copy of B/I and entered pleas of n/g and requested jury trial. Trial set for the January, 1992 term. | | | sp |
| 12-16-91 | | MAGISTRATE papers: | | | |
| | 28 | Minute sheet | | | sp |
| | 29 | Pretrial Order | | | |

CONTINUED TO PAGE __

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET  U. S. vs
BROWN, THOMAS, JR.
AO 256A

| | | 89 | 00147 | |
|---|---|---|---|---|
| | | Yr. | Docket No. | Def. |

| DATE | PROCEEDINGS (continued) — (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 12-19-91 | 30 WARRANT For Arrest ret'd. by USM showing arrest 11/4/91. | | | | sp |
| 12-23-91 | NOTICE for calendar call for 1-6-92 mld. | | | | sp |
| 12-23-91 | 31 Deft.'s MOTION For Continuance. c/s | | | | sp |
| 12-23-91 | 32 Deft.'s REQUEST For Disclosure. c/s | | | | sp |
| 12-23-91 | 33 Deft.'s MOTION Rule 21(A). | | | | sp |
| 12-27-91 | 34 Govt.'s ACKNOWLEDGEMENT of Receipt of Discovery Motions. c/s | | | | sp |
| 12-31-91 | 35 ORDER by Judge Richard L. Voorhees allowing deft.'s motion for continuance. Copies dist. | | 1-6-92 3-2-92 | T1 | sp |
| 1-8-92 | (File to office of J. Toliver Davis, U. S. Mag.) | | | | sp |
| 1-13-92 | 36 Deft.'s MOTION for recordation of trial proceedings, c/s | | | | |
| 1-13-92 | 37 Deft.'s MOTION to prevent systematic exclusion of black prospective jurors from deft.'s trial. c/s | | | | |
| 1-13-92 | 38 Deft.'s MOTION to sequester all the govt. witnesses. c/s | | | | sp |
| 1-23-92 | 39 U.S. Atty.'s MOTION For Non-Testimonial Identification Order. c/s | | | | |
| 2-4-92 | 40 ORDER by Judge Richard L. Voorhees allowing Govt.'s motion for disclosure of various forms of non-testimonial identification from deft. Copies dist. | | | | sp |
| 2-12-92 | NOTICE for calendar call for 3-2-92 mld. | | | | sp |
| 2-13-92 | 41 ORDER by J. Toliver Davis, U.S. Mag., denying deft.'s pro se Motion Rule 21(A). Copies dist. | | | | sp |
| 2-20-92 | 42 Deft.'s MOTION In Limine. c/s | | | | |
| 2-20-92 | 43 Deft.'s MOTION For Bill of Particulars. c/s | | | | sp |
| 2-20-92 | 44 U. S. Atty.'s MOTION To Continue. c/s | | | | sp |
| 2-21-92 | 45 U.S. Atty.'s REPLY To Motion For Bill of Particulars. c/s | | | | sp |
| 2-21-92 | 46 U.S. Atty.'s REPLY To Motion In Limine. c/s | | | | sp |
| 2-25-92 | 47 ORDER by Judge Richard L. Voorhees continuing case. Copies dist. | | 3-2-92 5-4-92 | T1 | sp |
| 2-25-92 | (File to office of J. Toliver Davis, U. S. Mag.) | | | | |
| 2-27-92 | 48 ORDER by J. Toliver Davis, U.S. Mag., in response to deft.'s Motion In Limine (pl. #42) and Motion for Bill of Particulars (pl. #43). Copies dist. | | | | sp |
| 4-16-92 | NOTICE for calendar call on 5-4-92 mailed. | | | | dlr |
| 4-29-92 | 49 U.S. Atty.'s MOTION For Continuance. c/s | | | | sp |
| 4-29-92 | 50 ORDER by Judge Richard L. Voorhees continuing case. Copies dist. | | 5-4-92 7-6-92 | T1 | sp |

| DATE | PROCEEDINGS (continued)<br>(Document No.) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 6-10-92 | NOTICE for calendar call mld. | | | | sp |
| 6-10-92 | 51 U.S. Atty.'s MOTION For Pre-Emptory Setting. c/s | | | | sp |
| 6-10-92 | 52 U.S. Atty.'s NOTICE of 404(b) Evidence. c/s | | | | sp |
| 6-25-92 | 53 Deft.'s MOTION For Continuance. c/s | | | | sp |
| 6-29-92 | 54 ORDER by Judge Richard L. Voorhees continuing case. Copies dist. | | 7-6-92<br>9-8-92 | T1 | sp |
| 8-14-92 | 55 U.S. Atty.'s MOTION For Pre-Emptory Setting. c/s | | | | |
| 8-14-92 | NOTICE for calendar call for 9-8-92 mld. | | | | sp |
| 8-21-92 | 56 PLEA Agreement. | | | | sp |
| 8-31-92 | 57 ORDER by Judge Richard L. Voorhees denying as moot Govt.'s motion for preemptory setting. Copies dist. | | | | sp |
| 9-8-92 | Deft. appeared w/counsel and in custody of USM before Judge Richard L. Voorhees. Court was informed that pursuant to plea negotiations deft. wished to change his previous plea of n/g to guilty ct. 1. Deft. acknowledged plea; deft. sworn; R. 11, FRCrP., inquiry and findings by the Court. One Govt. witness sworn/examined. Based on evidence Court found factual basis and entered guilty verdict. Sentencing cont'd. Deft. in custody USM. | | | | sp |
| 9-15-92 | 58 Deft.'s MOTION for psychiatric or psychological examination prior to sentencing. Copy U. S. Atty. | | | | sp |
| 9-17-92 | 59 U.S. Atty.'s MOTION For Upward Departure. c/s | | | | sp |
| 9-24-92 | 60 ORDER by Judge Richard L. Voorhees allowing deft.'s motion for hearing on deft.'s present mental condition; further that deft. be committed to a medical facility for psychiatric examination. Copies dst. | | | | sp |
| 10-28-92 | 61 LETTER from FCI, Butner requesting add'l time for the completion of the psychiatric evaluation. | | | | sp |
| 10-28-92 | 62 ORDER by Judge Richard L. Voorhees allowing request from the warden at FCI at Butner, N. C. for period of evaluation of deft. be extended to 11-6-92. Copies dst. | | | | sp |
| 11-5-92 | 63 LETTER from FCI at Butner, N. C., requesting additional time up to 11-21-92 to be allowed for further testing & evaluation. | | | | sp |
| 11-5-92 | 64 ORDER by Judge Richard L. Voorhees allowing request from the warden at the FCI at Butner, N. C. extending period of evaluation to 11-21-92. Copies dst. | | | | sp |
| 12-3-92 | 65 RETURN by USM showing partial execution on 11/30/92. | | | | sp |

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET   U. S. vs
BROWN, THOMAS, JR.
AO 256A

89 | 00147 | 1
Yr. | Docket No. | Def.

| DATE | PROCEEDINGS (continued) — (Document No.) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 12-15-92 | 66 ORDER by Judge Richard L. Voorhees that the Clerk file copy of psychiatric evaluation in a sealed envelope and provide copies to counsel; further that the Clerk schedule a hearing on this matter no sooner than 10 days after mailing copies of the report. Copies dst. | | | | sp |
| 12-15-92 | 67 PSYCHIATRIC Evaluation. (SEALED) | | | | sp |
| 1-28-93 | 68 Deft.'s OBJECTIONS and Challenges To Presentence Rpt. c/s | | | | sp |
| 1-29-93 | 69 Govt.'s MEMORANDUM In Support of Motion For Upward Departure. c/s | | | | sp |
| 2-2-93 | Case called for competency hearing and sentencing before Judge Richard L. Voorhees. Deft. present w/counsel and in custody USM. Govt.'s evidence for competency hearing (see witness/exhibit lists in file). Govt. rests. No evidence for deft. The Court found deft. is competent to proceed w/sentencing. Deft.'s counsel addressed the Court as to amount of time spent w/deft. reviewing plea agreement & presentence report. Deft. addressed the Court. Recess so deft. may go over his presentence report w/counsel. After recess deft.'s counsel told the Court deft. has gone over PSI report & understands same. Deft. addressed the Court as to preliminary proceedings, to wit: the lineup. Court asked deft. about the R. 11 proceedings. Court inquired of deft.'s counsel how long ago since deft. first saw PSI-- approximately 3 days--deft. signed waiver of 10 days. Deft. made objections to PSI report. Remaining cts. dismissed on motion U. S. Atty. Govt.'s evidence for sentencing (see witness/exhibit lists in file). Govt. rests. | | | | sp |
| 2-3-93 | Case recalled for sentencing. Deft.'s evidence (see witness/exhibit lists in file). Deft. rests. Govt.'s rebuttal. Govt rests. Arguments of counsel as to Govt.'s motion to depart. Donna Drury addressed the Court before sentencing. Deft. & counsel given chance to speak before judgment. JUDGMENT: 405 mos., followed by 5 yrs. sup. release, under standing conditions and special conditions: 1. W/i 72 hrs. of release from prison report to probation office in district where released. 2. Obey standard conditions of sup. release. 3. Pay $50 assessment. 4. Not commit any crimes, local, state or federal. 5. Pay $5,000 fine. 6. Pay $200 to Wachovia Bank and $200 to victim. 7. Participate in a program of drug & alcohol treatment or mental health counseling. 8. Not possess a firearm or other dangerous weapon. Deft. to receive counseling for mental health & substance abuse while incarcerated. Deft. advised of right to appeal. | | | | sp |

| DATE | PROCEEDINGS (continued) (Document No.) | V. EXCLUDABLE DELAY | | | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| 2-3-93 | 70 PRESENTENCE Rpt. (SEALED) | | | | sp |
| | JS-3 | | | | sp |
| 2-4-93 | 71 Deft.'s WAIVER of 10 day disclosure. | | | | sp |
| 2-11-93 | 72 Deft.'s NOTICE of Appeal. c/s | | | | sp |
| 2-19-93 | 73 JUDGMENT In A Criminal Case. | | | | sp |
| 3-8-93 | 74 MOTION by Donald N. Patten, Atty., requesting authorization for fees in excess of the limit. c/s | | | | sp |
| 3-26-93 | TRANSCRIPTS of Sentencing--Comp. Hearing--3 volumes. | | | | sp |
| 3-29-93 | TRANSMITTAL of Certificate to Fourth Circuit. | | | | sp |
| 4-19-93 | 75 APPOINTMENT of and AUTHORITY TO PAY Court Appointed Counsel - Donald N. Patten - $2,197.22. | | | | sw |
| 5-13-93 | 76 RETURN by USM showing deft. del'd. on 5-8-93 to USP at Leavenworth, Kansas. | | | | sp |
| 1-20-95 | 77 OPINION from Fourth Circuit affirming judgment of the District Court. | | | | sp |
| 2-10-95 | 78 Certified JUDGMENT from Fourth Circuit affirming the judgment of the district court. | | | | sp |
| 8/8/05 | 79 Deft.'s Motion 28 USC 2255. | | | | sw |
| 8/12/05 | 80 Order by Judge Thornburg dismissing 28 USC 2255 motion. | | | | sw |
| 10/12/05 | 81 Deft.'s Motion for enlargement of time to file motion for COA. | | c/a | | sw |
| 10/17/05 | 82 Deft.'s Notice of appeal. | | | | sw |
| 12/8/05 | RECORD MAILED TO FOURTH CIRCUIT COURT OF APPEALS. | | | | SW |
| 2006 07-05 | 83 USCA Order petition for rehearing and rehearing en banc is denied | | | | ejb |
| 7-14 | 84 Unpublished Opinion from 4th Circuit - appeal dismissed. | | | | sw |
| 7-14 | 85 Judgment from 4th Circuit. | | | | sw |
| 7-14 | 86 Mandate from 4th Circuit. | | | | sw |
| 7-14 | Record returned from 4th Circuit. | | | | sw |

# United States District Court

FILED
ASHEVILLE, N.C.
93 FEB 19 AM 10: 36

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
v.
THOMAS BROWN, JR.

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: A-CR-89-147

Donald N. Patten
Defendant's Attorney

(Name of Defendant)

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1    after a
☐ was found guilty on count(s) _____
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:1201(a)(1) | Kidnap for purpose of sexually assaulting and transport such person in interstate commerce. | 4-4-89 | 1 |

The defendant is sentenced as provided in pages 2 through 6(b) of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☒ Count(s) 2,3,4,5 (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $50.00, without interest, for count(s) 1, which shall be due ☒ immediately ☒ as follows: Due & payable during incarceration with any balance to be paid during supervised release, on a schedule approved by the Probation Office.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 4-5-62

Defendant's Mailing Address:
Buncombe County Jail
Asheville, N. C.

February 3, 1993
Date of Imposition of Sentence

Signature of Judicial Officer

RICHARD L. VOORHEES, Chief Judge, U.S. District

Defendant: Thomas Brown, Jr.  
Case Number: A-CR-89-147

Judgment—Page 2 of 6(b)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Four Hundred Five (405) Months.

☒ The court makes the following recommendations to the Bureau of Prisons: That Defendant receive counseling for mental health and substance abuse.

☒ The defendant is remanded to the custody of the United States marshal.  
☐ The defendant shall surrender to the United States marshal for this district,
- ☐ at _____ a.m./p.m. on _____.
- ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
- ☐ before 2 p.m. on _____.
- ☐ as notified by the United States marshal.
- ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

Defendant: Thomas Brown, Jr.  
Case Number: A-CR-89-147  
Judgment—Page 3 of 6(b)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __Five (5) Years__.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

```
Obey standard conditions of supervised release.
Not commit any crimes, local, state or federal.
Participate in a program of drug and alcohol treatment and testing, or mental health
   counseling, as directed by the Probation Office, until released by the Probation Office.
Pay the cost of his court-appointed counsel, without interest, on a schedule approved by
   the Probation Office.
```

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: Thomas Brown, Jr.
Case Number: A-CR-89-147

Judgment—Page 4 of 6(b)

## FINE

The defendant shall pay a fine of $ 5,000.00 _____. The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

☒ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

☒ The interest requirement is waived.
☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
☒ in full immediately, as follows below:
☐ in full not later than _____.
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☒ in installments according to the following schedule of payments: Due and payable during incarceration with any balance to be paid during supervised release, on a schedule approved by the Probation Office.

AO 245 S (Rev 4/90) Sheet 6 - Restitution and Forfeiture

Defendant: Thomas Brown, Jr.
Case Number: A-CR-89-147

Judgment—Page 5 of 6(b)

## RESTITUTION AND FORFEITURE

### RESTITUTION

☒ The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
|---|---|
| Wachovia Bank<br>ATTN: Barbara McGuire<br>P.O. Box 3099<br>Mail Code 32131<br>Winston-Salem, N. C. 27150 | $200.00, without interest |
| Donna Louise Drury<br>185 Moody Avenue<br>Candler, N. C. 28715 | $200.00, without interest |

Payments of restitution are to be made to:

☐ the United States Attorney for transfer to the payee(s).

☒ the payee(s).

Restitution shall be paid:

☒ in full immediately, as follows below:

☐ in full not later than _____.

☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.

☒ in installments according to the following schedule of payments: Due and payable during incarceration with any balance to be paid during supervised release, on a schedule approved by the Probation Office.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

### FORFEITURE

☐ The defendant is ordered to forfeit the following property to the United States:

Defendant: Thomas Brown, Jr.
Case Number: A-CR-89-147

Judgment—Page 6 of 6(b)

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __35__ (Through departure 39)

Criminal History Category: __I__ (Through departure VI)

Imprisonment Range: __168__ to __210__ months (Through departure 360 to Life)

Supervised Release Range: __3__ to __5__ years

Fine Range: $ __20,000__ to $__200,000__

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $__400.00__

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☒ for the following reason(s): SEE ATTACHED

By the preponderance of the evidence presented, the Court finds that there were two prior offenses committed, the Biss matter and the Saintsing matter. The government has moved for an upward departure on the basis of those two offenses. The Court, believing that a departure is warranted on those grounds, does so using the guidance of the Guidelines, which dictate in those circumstances, where there are at least two prior crimes of violence, that the Criminal History Category is VI.

The Court further finds that the conduct that was visited on the victim in this case was unquestionably serious and egregious, and well beyond that contemplated by the authors of the Guidelines when setting the offense level for this particular offense, which did include the multiple events of rape and sodomy. The Court finds that there were no less than six and the preponderance of the evidence indicates there were eight such events. The Court looks for guidance, in determining what departure is warranted, on the basis of that finding; and in Section 3B1.1(a) it is found that the Guideline level is increased 4 levels for a defendant having an aggravating role in the offense. This analogy appropriately leads the Court to a 4-level increase in the offense level, to a level of 39 and a criminal history VI, for a range of 360 months to life.

The Court also believes that the government's analogy as to the grouping rules of 3D1.2(d) is apt and would produce approximately the same result, either analogy being independently sufficient.

The statute indicates factors the Court should use in determining a particular sentence, which include the nature and circumstances of the offense. There is considerable evidence (and the Court finds) that this was a particularly aggravated and heinous offense, due to its prolonged nature, repeated instances of rape, humiliation of the victim, terror imposed by placing the victim in the trunk and in tying her up, along with the cavalier attitude displayed toward the victim throughout.

Also the history and characteristics of the Defendant are to be considered. The Defendant comes from a good family and good upbringing. His visiting the Reverend indicated that he is a man of conscience, not in the usual sense, wherein the conscience dictates behavior, but rather in the sense that there is some conscience there. It was unable, however, to reduce his depraved behavior as exhibited by the evidence.

The Court finds from the evidence presented that the Defendant is likely to commit other crimes if not incarcerated and that is one of the reasons the Court should consider in sentencing. The Court is to reflect on the seriousness of the offense, is to promote respect

criminal conduct; crimes of this nature must be deterred. To protect the public from further crimes of the Defendant, and considering the evidence about the likelihood of recidivism and personality traits of the Defendant, which is compelling, and the other matters listed in that section which the Court considers, the Court determines, by way of departure, that the appropriate range of imprisonment is 360 months to life.

According to the North Carolina General Statutes mortality tables, the Defendant is likely to live another 496 months, which provides a presumptive upper end of the range.

Acknowledging the matters said favorably about the Defendant, the Court will not extend the sentence to the maximum allowed under the range arrived at through the departure, but will sentence in the middle of the range, because the departure itself, and the other matters the Court has mentioned, adequately address the needs of society and a consideration of justice and mercy.